IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| N. SUGUMARAN NARAYANAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 7:21-cv-00046-O |
| § | |
| MIDWESTERN STATE UNIVERSITY, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Plaintiff's Motion to Alter Judgment (ECF No. 56), filed May 7, 2024; Defendant's Response (ECF No. 57), filed May 28, 2024; and Plaintiff's Reply (ECF No. 58), filed June 11, 2024. For the reasons stated below, Plaintiff's Motion is **DENIED.**

### I.  BACKGROUND

At this point, the facts of this case are well known and not in dispute.[1] N. Sugumaran Narayanan ("Plaintiff" or "Narayanan") began teaching at Midwestern State University ("MSU") on September 1, 2007, as an Assistant Professor. In 2013, he was granted tenure and in 2015 he was promoted to Associate Professor. In 2016, Narayanan sued MSU for denial of a promotion based on "retaliation and continued discrimination based on race, color, and national origin," which was settled out of court.

Beginning in 2017, Narayanan began experiencing stress-related health issues including anxiety and hypertension. Narayanan requested—and was granted—leave to tend to these health-

---

[1] *E.g.*, *Narayanan v. Midwestern State Univ.*, No. 7:21-cv-00046-O, 2022 WL 14318691 (N.D. Tex. Oct. 24, 2022); *Narayanan v. Midwestern State Univ.*, No. 22-11140, 2023 WL 6621676 (5th Cir. Oct. 11, 2023).

1

related issues. Once he recovered, Narayanan requested to teach summer classes for the summer 2018 session but was denied the opportunity. Plaintiff contends that MSU did not allow him to teach the 2018 summer classes as retaliation for his 2016 lawsuit and discriminated against him because of his race, national origin, and color, in violation of Title VII.

On November 24, 2022, the Court granted Defendant's summary judgment on both Title VII claims because the "failure to grant Plaintiff [his] desired summer teaching assignments [did] not rise to [the] level of an 'ultimate employment decision.'" *Narayanan*, 2022 WL 14318691, at *11. Based on this conclusion, the Court did not reach whether Plaintiff fully established a prima facie case for his claims for discrimination and retaliation. Plaintiff appealed. On appeal, the Fifth Circuit reversed this conclusion and remanded both Title VII claims. *Narayanan*, 2023 WL 6621676 at *4–5.

On remand, the Court determined that additional briefing was unnecessary because all issues were fully briefed when the Court originally considered summary judgment. On April 9, 2024, the Court dismissed the Title VII retaliation and discrimination claims because Plaintiff failed to establish a prima facie case for both claims.[2] Plaintiff now seeks reconsideration of the Court's dismissal.[3]

## II. LEGAL STANDARD

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). A court may allow a party to do so under Rule 59(e) "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (citation and internal quotation marks omitted). "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of

---

[2] Order, 4–7, ECF No. 54.
[3] Mot. to Alter J., ECF No. 54.

2

the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Under Rule 59(e), "newly discovered evidence" does not amount to situations where a plaintiff could have pursued discovery earlier by proper diligence or asked the court for additional time but did not. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–65 (5th Cir. 2003).

Importantly, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citation omitted). Parties cannot use a Rule 59(e) motion to advance their disagreement with the Court's prior analysis to relitigate issues previously resolved against them. *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) (O'Connor, J.) ("Plaintiffs are essentially attempting to relitigate issues previously resolved against them by advancing their disagreement with the Court's analysis. Such arguments are insufficient to warrant granting the extraordinary relief available under Rule 59(e) or 60(b).").

## III. ANALYSIS

Plaintiff seeks reconsideration based on two grounds: (A) MSU produced new documents that support Plaintiff's Claims and (B) the Court erred in granting summary judgment on Plaintiff's retaliation claims.

### A. The Plaintiff's Newly Produced Documents Do Not Warrant Reconsideration.

Plaintiff's Rule 59(e) motion "should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). Plaintiff failed to meet these factors.

First, the facts discovered will not change the outcome. One of the reasons the Court granted Defendant's Motion for Summary Judgment on Plaintiff's retaliation claims is because Plaintiff failed to rebut Defendant's non-discriminatory and non-retaliatory explanation for not awarding Plaintiff a summer teaching assignment in 2018. Namely, that the department chair did not assign Plaintiff "summer 2018 classes . . . because the program did not request the international relations course that Plaintiff had previously taught, and because [Plaintiff] had not taught a full course load in the proceeding academic year."[4] And that no other professor in the political science department was assigned to teach summer 2018 classes that failed to carry a full course load the prior academic year.[5] Here, the newly discovered evidence identifies a Caucasian professor that was assigned to teach summer classes in 2018 but it does not rebut Defendant's claim that Plaintiff was not assigned a summer class because he failed to teach a full schedule or that an international relations class was a requested course for the 2018 summer term.

Instead, Plaintiff's new discovery simply demonstrates that Plaintiff taught an international relations course in 2016 and 2017, after Plaintiff's initial lawsuit, and that he had previously taught an American Government course from 2009 to 2013. It does not rebut Defendant's contention that the summer program did not require an international relations course or fully address Defendant's full course policy. Thus, Plaintiff fails to demonstrate the first *Infusion* factor.

Second, the alleged facts could have been discovered previously. Plaintiff could have discovered this "new" evidence by taking depositions during discovery or asking for discovery responsive to summer class assignments earlier in the case, but he did not. Finally, the new

---

[4] Def.'s Brief in Supp. of Mot. For Summ. J. 17, ECF No. 20.
[5] Def.'s Appx. 106, ECF No. 21.

evidence is merely cumulative or impeaching. Accordingly, Plaintiff's Motion for Reconsideration based on new evidence is denied.

### B. The Court Did Not Err in Granting Summary Judgment on Plaintiff's Retaliation Claims.

Plaintiff argues for the first time that Defendant never moved for summary judgment on Plaintiff's retaliation claims. This is not so. Defendant argued in their Brief in Support of Summary Judgment that Plaintiff's claims around the 2018 summer class assignments failed because he could not set forth a prima facie case.[6] Plaintiff failed to respond to these arguments in his reply, which Defendant pointed out, not once but twice.[7] In fact, on remand Defendant filed a notice stating that MSU had "moved for summary judgment on all claims."[8] At no point after the Court's initial summary judgement ruling or on remand did Plaintiff allege that Defendant had forfeited summary judgment on the 2018 summer claims. Plaintiff simply does not get a do-ever to make arguments regarding the summer classes. A Rule 59(e) motion is not the appropriate vehicle to rehash arguments that Plaintiff could have offered before entry of judgement. *Templet*, 367 F.3d at 479. Accordingly, the Court did not err in ruling on Plaintiff's retaliation claims for the summer 2018 teaching assignment.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is **DENIED.**

**SO ORDERED** this **23rd day** of **August, 2024**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[6] Def.'s Brief in Supp. of Mot. for Summ. J. 17, ECF No. 20.
[7] Def.'s Reply. 1, ECF No. 27; Notice 1–2, ECF No. 49 ("MSU moved for summary judgment on all claims on June 20, 2022.").
[8] Notice 1, ECF No. 49.

5